UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ALLEN ROE WILLIAMS,      )<br>     Plaintiff,              )<br>                                       )<br>v.                                    )<br>                                       )<br>PEORIA COUNTY SERVICE CENTER,  )<br>     Defendant.           ) | Case No. 1:23-cv-01041-CRL |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (d/e 1) filed under 42 U.S.C. § 1983 by Plaintiff Allen Roe Williams, who is currently incarcerated at Stateville Correctional Center. Plaintiff has also filed a Motion for Counsel (d/e 4). For the following reasons, the Court dismisses Plaintiff's Complaint, which renders his Motion for Counsel moot.

  I.   **Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action, if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II.   Factual Allegations

In March 2014, Plaintiff was released from the Peoria County Jail and began serving a four-year probation term. Shortly after his release, Plaintiff went to Defendant Peoria County Service Center to pick up a Depakote prescription, among other unidentified medications. Plaintiff continued taking Depakote until his arrest in July 2016. In September 2016, Plaintiff learned that Depakote could cause hair loss. (d/e 1-1, p. 2.) Plaintiff realized that he was already losing his hair and that his scalp was visible. Plaintiff states that he would not have taken Depakote if he had been made aware of the hair loss. (d/e 1: p. 6.) Plaintiff claims that Peoria County Service Center did not inform him about the possible side effects of Depakote or the remaining prescribed drugs.

## III.   Analysis

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016). "To establish [a] § 1983 claim, [the plaintiff] must demonstrate that the individual defendants: (1) acted under the color of state law; and (2) deprived him of a constitutional right." *Estate of Perry v. Wenzel*, 872 F.3d 439, 452 (7th Cir. 2017).

Plaintiff does not state a claim against Defendant Peoria County Service Center because § 1983 only permits lawsuits against individuals. *See Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014) ("Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law."); *see also Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (concluding that a plaintiff cannot sue a building, such as a jail or a prison, under § 1983). However, even if Plaintiff identified a person acting under color of state law that was responsible for the alleged deprivation, the statute of limitations would bar his claim.

In Illinois, the statute of limitations for a lawsuit filed under 42 U.S.C. § 1983 is two years. *Liberty v. City of Chi.*, 860 F.3d 1017, 1019 (7th Cir. 2017) (citing *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016) (explaining that the appropriate statute of limitations is set forth by Illinois's personal injury statute of limitations, which is two years according to 735 Ill. Comp. Stat. 5/13–202)). The Court acknowledges that "a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process." *Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2018) (quoting *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001)); *see also Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017) (pointing out that the limitations period is tolled while a plaintiff pursues the grievance process).

"Although generally a plaintiff is not required to plead around an affirmative defense, such as a statute of limitations, the district court can dismiss a complaint as untimely if the plaintiff has admitted all the elements of the affirmative defense . . . ." *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *see also Parungao v. Cmty. Health*

*Sys.*, 858 F.3d 452, 457 (7th Cir. 2017) (stating that dismissal is appropriate where it is clear from the face of the complaint, or from matters of which court may take judicial notice, that the plaintiff's claims are barred as a matter of law); *Vinson v. Vermilion County*, 776 F.3d 924, 929 (7th Cir. 2015) ("In general, a plaintiff may plead herself out of court when she includes in her complaint facts that establish an impenetrable defense to her claims.").

Construing Plaintiff's account as accurate, shortly after his release on parole in March 2014, Plaintiff began taking Depakote. In September 2016, Plaintiff learned that Depakote could cause hair loss. Thus, Plaintiff's claim accrued in September 2016. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018) ("The statute of limitations begins to run when the plaintiff has knowledge of the injury and knowledge that the defendant . . . may have caused the injury."). Also, Plaintiff could not have exhausted his administrative remedies as they were unavailable. *See Lanaghan v. Koch*, 902 F.3d 683, 689 (7th Cir. 2018) ("[A] remedy is not 'available' within the meaning of the Prison Litigation Reform Act to a person physically unable to pursue it.") Therefore, Plaintiff had until September 2018 to file his complaint. However, Plaintiff filed his Complaint in February 2023, four years after the limitations period ended. Accordingly, the Court dismisses Plaintiff's Complaint for failure to state a claim upon which relief could be granted. In addition, any plausible claim presented by Plaintiff would be barred by the statute of limitations.

Although the Court has discretion to permit Plaintiff to file a second amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the

pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). With the entry of the Court's Merit Review Order, Plaintiff's Motion for Recruitment of Counsel is moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint (d/e [1]) is DISMISSED under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted.**

2) **Plaintiff's Motion for Counsel (d/e [4]) is DENIED as moot.**

3) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of her grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered: April 12, 2023.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE